Thus, due process requires the Board go through the steps of the "deliberative" process. Under California law, the deliberative process in outlines in Title 15.

Section 2402 of Title 15 states in part:

2402. Determination of Suitability.

(a) General. The panel shall first determine whether a prisoner is suitable for release and parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released form prison.

(b) Information Considered. **All relevant, reliable information available to the panel shall be considered in determining suitability for parole.** Such information shall include the circumstances of the prisoner's: **social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release.** Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

(c) Circumstances Tending to Show Unsuitability. The following circumstances each tend to indicate unsuitability for release. These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate unsuitability include:
(1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
(A) Multiple victims were attacked, injured or killed in the same or separate incidents.
(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
(C) The victim was abused, defiled or mutilated during or after the offense. . . .

As discussed above, Mr. Rush has an excellent record and presents a lower-than-average risk for violence. His history while incarcerated, attitude, positive programming, self-improvements and accomplishments show that petitioner is now capable of being a productive, law-abiding citizen and should be returned to the community. Nevertheless, in spite of petitioner's

*Administrative Appeal of Robert Rush*

0201

entire record and the undisputed evidence that petitioner is suitable for parole, petitioner received a two-year denial. This was unreasonable and unwarranted and the panel's decision should be reversed.

It should be noted as well that some "unsuitability" factors have no application to petitioner. For example, petitioner's legal guilt is for second degree murder--not first degree--and, therefore, adjectives such as "cruel and callous" and "dispassionate," which were used by the panel, are inappropriate. The Court in the recent *Rosenkrantz* decision addressed this very issue. The Rosenkrantz Court stated:

> The first and third findings are insufficient because (a) there is no evidence that Rosenkrantz displayed 'an exceptionally callous disregard for human suffering' and (b) **this finding by itself could not possibly be sufficient since (as the Superior Court noted) it would necessarily apply to every second-degree murder**. (Emphasis added) The second finding is insufficient because there is no evidence that this was an "execution style murder" or anything like that. To the contrary, Rosenkrantz was expressly acquitted of first-degree murder. (Section 2326["]c]riminal charges not resulting in conviction (charges which resulted in acquittal or dismissal for any reason) shall not affect the parole date** unless the factual circumstances surrounding the charge are reliably documented and are an integral part of the crime for which the prisoner is currently committed to prison"]; see In re Lewallen, supra, 23 Cal.3d at p. 281, fn. 3 [a sentencing judge may not consider a charge of which the defendant was acquitted].)

In re *Robert Rosenkrantz, supra.*

Therefore, the panel's decision is in error because a finding that a second-degree murder was in "callous disregard for human suffering," was "especially cruel," and carried out in a "dispassionate manner," is in conflict with the legal and factual guilt necessary for second-degree murder. The factors of unsuitability involving such intentional conduct cannot and do not apply to petitioner. *Rosenkrantz.*

## CONCLUSION

The Board recognized petitioner's good record but refused to reward that good conduct with a parole date or shorter denial. Given the scope of petitioner's progress, the Board's finding of unsuitability was unreasonable and petitioner should be granted a date or a new hearing.

Respectfully submitted,

Dated: _____, 2000                 By: _____
                                                      Gary M. Diamond, Attorney

*Administrative Appeal of Robert Rush*

Page 4

BOARD OF PRISON TERMS

# APPEAL

STATE OF CALIFORNIA

(TITLE 15, CCR §§ 2050-2056)

NAME:
CDC NUMBER:
INSTITUTION:
DATE SUBMITTED:

*CDC STAFF USE ONLY*

LOG NUMBER:
DATE RECEIVED:

## DECISION BEING APPEALED

☐ PAROLE REVOCATION

☐ REVOCATION EXTENSION

☐ RETAIN ON PAROLE

☐ SCREENING DECISION

☐ LIFE PRISONER

☐ MENTALLY DISORDERED OFFENDER

☐ OTHER (SPECIFY): _____

_____

_____

## BASIS FOR APPEAL

DATE OF DECISION/HEARING BEING APPEALED (SPECIFY):

_____

☐ THE DECISION WAS BASED ON INCOMPLETE OR INCORRECT INFORMATION.

☐ THE DECISION IS UNREASONABLE IN VIEW OF THE FACTS.

☐ THE DECISION IS ILLEGAL.

☐ THE DECISION VIOLATES THE FOLLOWING BOARD REGULATIONS OR RULES. (SPECIFY):

_____

_____

_____

WHAT ACTION ARE YOU REQUESTING THE BOARD TO TAKE? _____

_____

_____

PLEASE STATE (TYPE OR PRINT) AND SEPARATELY NUMBER EACH BASIS FOR YOUR APPEAL.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| SIGNATURE (All appeals must be signed.) | CDC NUMBER | INSTITUTION/REGION |
|---|---|---|
| *[signature]* | D73321 | CTF-SOLORAD |

BPT 1040 (rev. 9/88)

Attach more pages if necessary.
See other side for instructions.

PERMANENT ADDENDA    0203

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# LIFE PRISONER DECISION FACE SHEET

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|  | YR | MO | DAY |
|---|---|---|---|
| Adjusted Period of Confinement ........................ |  |  |  |
| Date Life Term Begins ........................ + | 87 | 12 | 17 |
| At Large Time ........................ + |  |  |  |
| PAROLE DATE ........................ = |  |  |  |

## MISCELLANEOUS

*3 yr denial, continues and,
gravity of life crime
need to consider terms
with before, during and continue
after wants need for
self help i therapy*

Panel recommendations and requests:

____ Become __X__ Remain disciplinary free.

____ Work towards reducing his/her custody level.

____ Upgrade ____ vocationally ____ educationally.

____ Participate in ____ self-help (and) ____ therapy.

____ Transfer to ____ Cat. X ____ Cat. T.

PENAL CODE SECTION 3042 NOTICES ☒ SENT   (Date) 11/25/96

COMMITMENT OFFENSE

| PC 187 w/12022.5 | Murder 2nd w/use Firearm |
|---|---|
| (Code Section) | (Title) |

| CR 44594 | 01 |
|---|---|
| (Case Number) | (Count Number) |

| Date Received by CDC | Date Life Term Begins | Controlling MEPD |
|---|---|---|
| 12-17-87 | Same | 11-30-97 |

| Type of Hearing ☒ INITIAL ☐ SUBSEQUENT (Hearing No.) _____ | If Subsequent Hearing, Date of Last Hearing |
|---|---|

| Department Representative | |
|---|---|

| Counsel for Prisoner   TIM O'HARA | Address |
|---|---|

| District Attorney Representative | County   San Bernadino |
|---|---|

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

| Presiding (Name) | | Date 12/ |
|---|---|---|
| Concurring (Name) | | Date 1 17/ |
| Concur (Name) | | Date /96 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE | |
|---|---|---|---|---|---|
| BUSH, ROBERT | D-73321 | CIF-Soledad | October '96 | 12/17/96 | 0204 |

BPT 1001 (REV. 1/91)

PERMANENT ADDENDA

59

C-FILE

1    CALIFORNIA BOARD OF PRISON TERMS

2    D E C I S I O N

3    PRESIDING COMMISSIONER NIELSEN:  The Board

4    stands back on record, reconvening after a recess to

5    deliberate.  All parties previously present in the

6    room for the hearing have returned to the room for the

7    reading of the decision including the victims' next of

8    kin who are now present.  This is the decision in the

9    matter of Mr. Robert Rush. D-73321.  Mr. Rush, the

10   panel has reviewed all of the information available to

11   us and the records before us today and all that has

12   transpired and been transcribed in the incident

3    hearing.  We have concluded unanimously that you are

14   not suitable for the granting of a parole date today

15   and yet pose an unreasonable risk of danger to society

16   and a threat to the public safety were you to be

17   released from prison.  Your commitment offense was

18   carried out in a manner which exhibits a callous

19   disregard for the life and suffering of another

20   individual as well as others affected by that

21   individual's life, to wit, their family, loved ones

22   and friends.  The offense was carried out in a

23   dispassionate and calculated manner and due to the

24   number of shots that occurred in this particular

25   incident it could be reasonably assumed that the

     victim was a bit defiled in the course of the event.

27   ROBERT RUSH       D-73321       DECISION PAGE 1       12/17/96

0205



60

1   These conclusions are drawn from the statement of

2   facts wherein you and your roommate, the victim, after

3   a prolonged period of time of some various and sundry

4   domestic difficulties saw these culminate in the event

5   that resulted of the death of your victim.  It appears

6   that you did have a confrontation.  Maybe it took a

7   physical turn in the case of you being hit, but you

8   then took very deliberate and concerted steps to

9   effect the death of this individual.  Of great concern

10  to the Board is the manner in which you attempted to

11  cover up afterwards as well.  It does evince a high

12  degree of callousness.  Your previous record, though

13  non-existent in terms of criminal difficulties,

14  certainly evinced a very rapid escalation and for one

15  of your (inaudible) background, you showed some very,

16  very poor choices that you made and you were one who

17  was equipped to make better choices in your life and

18  for your own reasons chose not to.  Institutionally,

19  the Board feels that you have not sufficiently

20  participated in beneficial self-help and therapy

21  programs that would give us cause to believe that you

22  were suitable for release at this particular time.

23  Finally, the panel makes the following findings:  That

24  you need therapy in order to discuss -- face, discuss,

25  understand and cope with stress in a non-destructive

    manner and until more progress is made, you continue

27  ROBERT RUSH        D-73321        DECISION PAGE 2          12/17/96

0206

61

1  to be unpredictable and a threat to others.  You do

2  have pretty substantial gains since you've been in

3  prison for which you'll be commended, but you must

4  evince an ability to maintain these gains over an

5  extended period of time and further gain some very

6  substantial insights.  We are commending you for your

7  vocational efforts in drafting, your completion of

8  your AA degree and your BA degree and your progress

9  towards a master's degree, your teaching -- teacher's

10  aide work is a form of making amends, not necessarily

11  to the family but to society, showing that you do want

12  to (inaudible) contribution.  You have been a student

13  advisor and that is something that augurs favorably

4  for you as well as donating books to the library that

15  you could do otherwise with.  These are what can be

16  characterized as forms of amends to society, though

17  not necessarily to the family.  But of particular

18  concern to the Board, although this situation -- this

19  could be argued as a situational killing, before and

20  after events do not argue towards that end.  Before

21  the terrible date that this occurred you did have

22  opportunity to make certain choices about the living

23  arrangements.  You chose not to.  One of those choices

24  was to arm yourself with a rifle with a rapid-fire

25  capability that you kept under your bed; that you did

26  allow the relationship to escalate.  You did have a

ROBERT RUSH        D-73321        DECISION PAGE 3        12/17/96

0207



62

1   choice at least, if nothing else, to run.  That you

2   did have an accident that you claim mitigated, I

3   guess, to some degree -- the motorcycle accident, that

4   things began to get worse for you after that, but you

5   have to understand that many people have accidents in

6   their lives and their lives don't take the course or

7   turn of events that yours (inaudible) did.  And of

8   grave concern is the immense callousness, is what

9   happened then after the shooting of the victim.  But

10  let me even go back to the during the shooting.  It

11  was not just the shot or the perceived threat --

12  actual or perceived threat that you faced, but when

3   the victim got up and said the words that I read in

14  the report, "Ouch," you continued shooting this

15  individual.  And it could be safely assumed that he

16  was not armed and was not that serious a threat as

17  you.  You commented earlier in your comments to the

18  panel about having power -- the power provided in that

19  rifle that was in your hands, but the manner in which

20  you kind of in effect executed this individual is

21  evincing a high degree of callousness.  The cover-up

22  and disposal of the body was very, very callous.  This

23  was a human life that the family did not even have an

24  opportunity to be with that body, to make the proper

25  farewells to that body or properly accommodate the

    body in the immediacy of the killing.  They had a long

27  ROBERT RUSH      D-73321      DECISION PAGE 4      12/17/96

63

1   period of uncertainty which was a form of suffering

2   that you effected upon the family of the victim.

3   There are some underlying causative factors that we

4   feel induced you to participate as you did in these,

5   quote, after events.  You don't seem to have explored

6   those very much.  You do accept your responsibility

7   and we praise you for being candid to the panel today

8   about your involvement, but a deeper understanding is

9   needed as to what caused you then to allow this

10  situation to escalate.  When you as a person

11  psychiatrically and psychologically and humanly were

12  armed to do otherwise, you chose not to.  Some panel's

13  going to need to know why.  You're going to need to

14  understand and be able to evince to the panel why you

15  allowed this thing to unravel the way it did and

16  particularly in the aftermath in this very callous

17  kind of way.  The code of Omerta -- I mean, you say

18  that you're not a criminal, but the cover-up and

19  admonishing colleagues not to say anything about this

20  is the criminal code of the Mafia.  They call it

21  Omerta and that's criminal thinking.  That is evidence

22  of criminal thinking and but for one of the

23  individuals who was informed going ahead and

24  confessing something apparently to a mother, it may

25  have taken much longer before the facts of this crime

came to bear and justice, in fact, was meted out.  You

27  ROBERT RUSH      D-73321      DECISION PAGE 5      12/17/96

0209

64

1    did have opportunities through the course of events as

2    well to cease these kinds of activity and participate

3    in an ending of the escalation and you chose not to.

4    All of these are areas that we believe that in

5    self-help and therapy here in the institution, in

6    addition to your vocational and educational work,

7    (inaudible) you need to do a lot of work and that is

8    very significant, in fact, to this panel.  In a

9    separate decision, the panel has found that it is not

10    reasonable that you would be found suitable for the

11    granting of a parole date for three years.  Hence, the

12    denial is for a three-year period of time.  The

13    reasoning for the three-year denial is based on those

14    factors that I have just cited:  The gravity of the

15    life crime and its consequences and your continuing

16    need to understand the multiple causative factors that

17    preceded, appeared during and subsided [sic] the

18    commission of this particular murder.  You do have a

19    lot of work to do in these areas.  We believe that you

20    haven't completed the necessary programming in the

21    institution and you have to achieve that.  You need

22    additional time to achieve such programming.  That

23    will conclude the reading of the decision.  Here is

24    your tentative copy.  As I said before, this decision

25    goes to Decision Review at the Board of Prison Terms.

Upon completion and affirmation of this decision

27    ROBERT RUSH        D-73321        DECISION PAGE 6        12/17/96

0210

65

1    (inaudible) Decision Review it becomes official and

2    effective and you can appeal it thereafter.   Short of

3    any appeal, though, we will see you again, sir, in

4    three years and we wish you good luck.   That concludes

5    our proceeding.

6                              --oOo--

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    PAROLE DENIED THREE YEARS

5     EFFECTIVE DATE OF THIS DECISION_____ APR 0 7 1997_____

27    ROBERT RUSH      D-73321      DECISION PAGE 7          12/17/96

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

# LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

☒ INITIAL HEARING          ☐ SUBSEQUENT HEARING

| PRISONER'S NAME | CDC NUMBER |
| RUSH, ROBERT | D-73321 |

| DATE OF HEARING | LOCATION |
| 12/17/96 | CIF-Soledad Board Room |

## LEGAL STATUS

| DATE RECEIVED | DATE LIFE TERM STARTS (IF DIFFERENT) | COUNTY |
| 12/17/87 | Same | San Bernardino |

| OFFENSE | CASE NUMBER |
| Murder 2nd w/use Firearm | CR 44594 |

| COUNT NUMBER(S) | PENAL CODE SECTION(S) VIOLATED |
| 01 | PC 187 w/ 12022.5 |

| TERMS | MEPD |
| 15 to Life + 2 years  C-5- | 11-30-97 |

## OTHER COMMITMENT OFFENSES *OR* STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|--------|---------|--------------|--------|-------------|--------------|
| ☐ | | | | | |
| ☐ | | | | | |
| ☐ | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER | PANEL MEMBER | PANEL MEMBER |
| Nielsen | Patterson | Baker |

OTHERS PRESENT

☐ PRISONER (IF ABSENT, WHY?) _____

☒ ATTORNEY _____ O'Hara _____

☐ DEPUTY D. A. _____ COUNTY OF _____

☐ OTHERS: _____

## STATEMENT OF FACTS

☐ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____ , PAGES _____ THROUGH _____

☐ THE STATEMENT OF FACT IS

    ☐ QUOTED FROM THE BOARD REPORT, DATED _____ , PAGE(S) _____

    ☒ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____ 1 - 6

    *4th Dist Ct of Appeals 11/23/88*

    ☒ QUOTED FROM THE COURT OPINION, PAGE(S) _____ 2 - 3

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

LIFE PRISONER: PAROLE CONSIDERATION
PROPOSED DECISION (BPT §2041)

[ I ]   PAROLE DENIED

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

II.   [ ]   PAROLE GRANTED

A. Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ Months

| Case No. | Count No. | Offense |
|---|---|---|
| | | |

B. Firearm Enhancement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + _____ Months

C. Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + _____ Months

| Case No. | Count No. | Offense | _____ mos. |
|---|---|---|---|
| Case No. | Count No. | Offense | _____ mos. |
| Case No. | Count No. | Offense | _____ mos. |

D. Total Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = _____ Months

E. Postconviction Credit From _____ To _____ − _____ Months
                                    (Date)            (Date)

F. Total Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . = _____ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

II.   If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

PANEL HEARING CASE

| Name | | Date |
|---|---|---|
| Name | | Date |
| Name | | Date |

| NAME | CDC NUMBER | INSTITUTION | HEARING DATE |
|---|---|---|---|
| RUSH, ROBERT | D-73321 | CIF-Soledad | 12/17/96 |

0213

Distribution: White—C. File
Canary—BPT

T 1005 (Rev. 8/1/81)

BOARD OF PRISON TERMS                                                          STATE OF CALIFORN
## LIFE PRISONER: DOCUMENTATION HEARING (BPT §2269.1)
BPT REPRESENTATIVE

### SENTENCE INFORMATION

| OFFENSE (CODE SECTION AND TITLE) | | |
|---|---|---|
| P187 Murder 2nd / P12022.5 Use of firearm | CASE NUMBER CR44504 | COUNT NUMBER 1 |

| DATE RECEIVED CDC 12-17-87 | MIN ELIG PAROLE DATE 11-30-97 | EARLIEST MIN ELIG PAROLE DATE |
|---|---|---|

| INITIAL HRG SCHEDULED 10-96 | PERIOD COVERED BY THIS HEARING 12-19-90 to present | PRIOR DOCUMENTATION HEARING DATES 12-19-90 |
|---|---|---|

### INFORMATION CONSIDERED

| CDC 115 CHRONOS | | LAUDATORY CHRONOS | |
|---|---|---|---|
| | | DATE | CIRCUMSTANCES |
| ☒ DISCIPLINARY FREE | | | |
| ☐ MAJOR DISCIPLINARY (SERIOUS) | | | |
| ☐ MINOR DISCIPLINARY (ADMIN.) | | | |

| CDC 128 CHRONOS (NEGATIVE) | | CHRONOS — WORK, EDUCATIONAL, VOCATIONAL, ETC | |
|---|---|---|---|
| DATE | CIRCUMSTANCES | DATE | CIRCUMSTANCES |

_See Progress Report prepared for Sept 1993 GC dated 82293_

### INSTRUCTIONS TO CDC STAFF

DOCUMENTS STILL REQUIRED

PSYCHIATRIC

REFER TO CATEGORY

COMPLETE PRIOR TO _Initial Parole Consideration Calendar_

PLACE ON APPROPRIATE

☐ LIFE PRISONER DOCUMENTATION CALENDAR

☒ LIFE PRISONER PAROLE CONSIDERATION HEARING CALENDAR   _MEP. 11-30-97_

OTHER

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| R    Robert | D-73321 | CTF | 9/93 | |

AFTER REVIEWING WITH THE PRISONER THE FACTORS WHICH MIGHT BE OF CONCERN AT HIS/HER INITIAL PAROLE HEARING, THE PANEL MADE THE FOLLOWING EVALUATIONS AND FUTURE RECOMMENDATIONS:

CATIONAL TRAINING _Voc. Drafting  5-13-92 to 3-31-93 — Currently in Vocational Drafting — Expressed interest to complete the program and follow up with a work assignment as a Draftsman_

RE: ACADEMICS _Cpt 12.7  Completed AA Degree and also B.A degree through San Jose University_

RE: WORK RECORD _Teacher's Assistant and PIA Sewing Mach Opr. Work reports average to exceptional_

RE: GROUP ACTIVITIES _Life Skills Group w/ Psychologist Bohannan — Recommend continue explore self help Group to gain a better understanding of self and enhance maturity_

RE: PSYCHIATRIC TREATMENT _Psych Eval of 9-3-93 by R. Kitt phd. reported Prisoner "No Mental Disorder"_

RE: ___ BEHAVIOR _Rec. RGC-CIM 12-17-87 placed at CTF C 1-19-88 prisoner has made a satisfactory adjustment and making good progress Educationally and Vocationally. Prisoner_

RE: OTHER _was advised to continue in program_
1) _Complete vocational Drafting_
2) _Maintain Disciplinary free Record_
3) _Seek out opportunities to participate in self help and if necessary, upon completion of vocational Drafting explore possibility of transfer to a prison where he can get involved in therapy. Prisoner was advised that he will have lots of Time to do and the ____ Victims family will likely to come forth testify against his parole_

___ REPRESENTATIVE SIGNATURE _Conrad ___ Mar DC_

DATE _9-30-93_

BOARD OF PRISON TERMS STATE OF CALIFORNIA

# LIFE PRISONER: DOCUMENTATION HEARING (BPT §2269.1)

BPT REPRESENTATIVE: *Frank Coronado*

## SENTENCE INFORMATION

| OFFENSE (CODE SECTION AND TITLE) | | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|
| P187 MURDER 2ND | | CR44594 | 01 |

| DATE RECEIVED CDC | MIN. EUG. PAROLE DATE | EARLIEST MIN. EUG. PAROLE DATE |
|---|---|---|
| 12-17-87 | 11-30-97 | |

| INITIAL HRG. SCHEDULED | PERIOD COVERED BY THIS HEARING | PRIOR DOCUMENTATION HEARING DATES |
|---|---|---|
| /10/96 | 12-87 TO PRESENT | NONE |

## INFORMATION CONSIDERED

### CDC 115 CHRONOS

[ ] DISCIPLINARY FREE

[ ] MAJOR DISCIPLINARY (SERIOUS)

[ ] MINOR DISCIPLINARY (ADMIN.)

### LAUDATORY CHRONOS

| DATE | CIRCUMSTANCES |
|---|---|
| 4-20-89 | College President's Honor Roll |
| 8-89 | Earned A A Degree |
| | Laudatory Remarks from |
| | Supervisor - "Prisoner an |
| | exceptional asset to ABE |
| | Program" |

### CDC 128 CHRONOS (NEGATIVE)

| DATE | CIRCUMSTANCES |
|---|---|
| -10-85 | Counseling Chrono - tardiness |
| | |
| | |
| | |

### CHRONOS — WORK, EDUCATIONAL, VOCATIONAL, ETC.

| DATE | CIRCUMSTANCES |
|---|---|
| 2-9-88 | Assigned to Culinary |
| 3-17-88 | Reassigned to Textiles |
| 7-22-88 | assigned to College program |
| 9-89 | Enrolled - S. J. State University |
| | Outstanding work performance |

## INSTRUCTIONS TO CDC STAFF

DOCUMENTS STILL REQUIRED: *none*

PSYCHIATRIC:

REFER TO CATEGORY *Psychiatric Recommendations left to*

COMPLETE PRIOR TO *the Discretion of Psychiatric Staff*

PLACE ON APPROPRIATE:

[ ] LIFE PRISONER DOCUMENTATION CALENDAR

[ ] LIFE PRISONER PAROLE CONSIDERATION HEARING CALENDAR

OTHER

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| RUSH, ROBERT | D-73321 | CTF | 12/90 | 12-19-90 |

BPT 1009 (REV. 4/86)

PAGE 1 OF 2 PAGES

PERMANENT ADDENDA

0216

AFTER REVIEWING WITH THE PRISONER THE FACTORS WHICH MIGHT BE OF CONCERN AT HIS/HER INITIAL PAROLE HEARING, THE PANEL MADE THE FOLLOWING EVALUATIONS AND FUTURE RECOMMENDATIONS:

VOCATIONAL TRAINING

RE: ACADEMICS

RE: WORK RECORD

RE: GROUP ACTIVITIES

RE: PSYCHIATRIC TREATMENT

RE: PRISON BEHAVIOR

RE: OTHER  _Prisoner has been engaged in an outstanding work (Teacher's aide) & Education program wherein he has already obtained an A/A degree & currently involved in a Bachelor's degree program at San Jose State University. His work performance as a Teacher's aide has been characterized as excellent. Prisoner complimented for his endeavors & urge to continue with his exceptional programs—_

BPT REPRESENTATIVE SIGNATURE

12-19-50

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |

# NOTICE OF HEARING
## Pursuant to Penal Code Section 3042

DATE:    **AUGUST 26, 2005**

TO:    **THE HONORABLE BOB N. KRUG or
PRESIDING JUDGE OF THE SUPERIOR COURT
COUNTY OF SAN BERNARDINO
172 W 3RD ST 2ND FL
SAN BERNARDINO, CA 92415-0302**

TYPE OF HEARING

☐ Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

☒ Life Prisoner Subsequent Parole
Consideration Hearing SUB #3
(P.C. 3041, 3041.7, *3042)

☐ Extended Term Hearing
(P.C. 1170.2(b) )

☐ Other

RE:    Name:    **RUSH, ROBERT DALTON**    CDC NO.:    **D-73321**

Court Case No.: **CR44594**    PD/SO No.:    **PD# 8607772508**

DOB:    **05/07/1965**    Received:    **12/17/1987**

Offense:    **MURDER 2ND W/USE F'ARM**    Date of Offense:    **07/1986**

Location Of Offense:    **1883 VIRGINA ST, SAN BERNARDINO**

The named inmate will appear before the Board of Prison Hearings for a hearing as indicated above. The hearing will be held on **TUESDAY, OCTOBER 11, 2005 AT 1:00 PM**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison Hearings. Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior to the Monday of the hearing week.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C. §2030. If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the institution for the hearing. Information not available in the hearing file must be received in writing no later than ten days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:    **D.S. Levorse, C & PR
Board of Prison Hearings
CTF Soledad
P.O. Box 686
Soledad, CA 93960**

**Fax: (831) 678-5905
e-mail: ralph.torres@corr.ca.gov**

*** To confirm by telephone, please contact the BPH desk at 831-678-3951 EXT 4332 OR 4333 ***

## NOTICE OF HEARING
### Pursuant to Penal Code Section 3042

DATE:   AUGUST 26, 2005

TYPE OF HEARING

☐ Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

TO:   OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF SAN BERNARDINO
316 N MOUNTAIN VIEW AVE
SAN BERNARDINO, CA  92415-0004

☒ Life Prisoner Subsequent Parole
Consideration Hearing SUB #3
(P.C. 3041, 3041.7, *3042)

DDA AT TIME OF TRIAL:  DAVID WHITNEY

☐ Life Prisoner Rescission Hearing
(P.C. 3041.7)

☐ Extended Term Hearing
(P.C. 1170.2(b) )

☐ Other

| | | |
|---|---|---|
| RE:   Name: | **RUSH, ROBERT DALTON** | CDC NO.:   **D-73321** |
| Court Case No.: | **CR44594** | PD/SO No.:   **PD# 8607772508** |
| DOB: | **05/07/1965** | Received:   **12/17/1987** |
| Offense: | **MURDER 2ND W/USE F'ARM** | Date of Offense:   **07/1986** |

Location Of Offense:   **1883 VIRGINA ST, SAN BERNARDINO**

The named inmate will appear before the Board of Prison Hearings for a hearing as indicated above. The hearing will be held on **TUESDAY, OCTOBER 11, 2005 AT 1:00 PM**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison Hearings. Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior to the Monday of the hearing week. If you have documents or reports, which include information about the prisoner, the prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit those along with your comments and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C. §2030. If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the institution for the hearing. Information not available in the hearing file must be received in writing no later than ten days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

The prosecutor may arrange to review the prisoner's department file at the institution by calling the person named below. If this is a subsequent parole consideration hearing, the transcript of last year's hearing is also available for review at the institution

Please mail reply to:

**D.S. Levorse, C & PR**
**Board of Prison Hearings**
**CTF Soledad**
**P.O. Box 686**
**Soledad, CA  93960**

**Fax: (831) 678-5905**
**e-mail: ralph.torres@corr.ca.gov**

*** To confirm by telephone, please contact the BPH desk at 831-678-3951 EXT 4332 OR 4333 ***

For disability related accommodations, please contact the BPH Americans With Disabilities Act coordinator at (916) 445-4072, at least (10) ten working days prior to the scheduled hearing.

1087B (Rev. 1/1/83)

# NOTICE OF HEARING
## Pursuant to Penal Code Section 3042

DATE:    **AUGUST 26, 2005**

TYPE OF HEARING

☐ Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

TO:    **ASSISTANT ATTORNEY GENERAL
ARNOLD OVEROYE
PO BOX 944255
SACRAMENTO, CA  94244-2550**

☒ Life Prisoner Subsequent Parole
Consideration Hearing  SUB #3
(P.C. 3041, 3041.7, *3042)

☐ Extended Term Hearing
(P.C. 1170.2(b) )

☐ Other

RE:    Name:    **RUSH, ROBERT DALTON**         CDC NO.:    **D-73321**

Court Case No.: **CR44594**              PD/SO No.:   **PD# 8607772508**

DOB:    **05/07/1965**                Received:    **12/17/1987**

Offense:    **MURDER 2ND W/USE F'ARM**      Date of Offense:  **07/1986**

Location Of Offense:  **1883 VIRGINA ST, SAN BERNARDINO**

The named inmate will appear before the Board of Prison Hearings for a hearing as indicated above.  The hearing will be held
n **TUESDAY, OCTOBER 11, 2005 AT 1:00 PM**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison
Hearings.  Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior
to the Monday of the hearing week.  If you have documents or reports, which include information about the prisoner, the
prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit those along with your comments
and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C.
§2030.  If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to the Monday of the
hearing week.   Failure to provide notice of attendance may result in denial of access to the institution for the hearing.
Information not available in the hearing file must be received in writing no later than ten days before the Monday of the
hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:              **D.S. Levorse, C & PR
Board of Prison Hearings
CTF Soledad
P.O. Box 686
Soledad, CA  93960**

**Fax: (831) 678-5905
e-mail: ralph.torres@corr.ca.gov**

*** To confirm by telephone, please contact the BPH desk at 831-678-3951 EXT 4332 OR 4333 ***

1087C (Rev. 1/1/81)

## NOTICE OF HEARING
### Pursuant to Penal Code Section 3042

DATE:    **AUGUST 26, 2005**

**TYPE OF HEARING**

☐  Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

TO:    **OFFICE OF THE PUBLIC DEFENDER**
**COUNTY OF SAN BERNARDINO**
**398 N 4TH ST, 3RD FLR**
**SAN BERNARDINO, CA  92415**

☒  Life Prisoner Subsequent Parole
Consideration Hearing SUB #3
(P.C. 3041, 3041.7, *3042)

   **DPD AT TIME OF TRIAL:  GROVER PORTER**

☐  Extended Term Hearing
(P.C. 1170.2(b) )

☐  Other

RE:    Name:        **RUSH, ROBERT DALTON**          CDC NO.:    **D-73321**

   Court Case No.: **CR44594**              PD/SO No.:   **PD# 8607772508**

   DOB:        **05/07/1965**             Received:   **12/17/1987**

   Offense:    **MURDER 2ND W/USE F'ARM**      Date of Offense:  **07/1986**

Location Of Offense:  **1883 VIRGINA ST, SAN BERNARDINO**

The named inmate will appear before the Board of Prison Hearings for a hearing as indicated above.  The hearing will be held
n **TUESDAY, OCTOBER 11, 2005 AT 1:00 PM**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison
Hearings.  Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior
to the Monday of the hearing week.  If you have documents or reports, which include information about the prisoner, the
prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit those along with your comments
and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C.
§2030.  If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to the Monday of the
hearing week.  Failure to provide notice of attendance may result in denial of access to the institution for the hearing.
Information not available in the hearing file must be received in writing no later than ten days before the Monday of the
hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:        **D.S. Levorse, C & PR**
**Board of Prison Hearings**
**CTF Soledad**
**P.O. Box 686**
**Soledad, CA  93960**

**Fax: (831) 678-5905**
**e-mail: ralph.torres@corr.ca.gov**

*** To confirm by telephone, please contact the BPH desk at 831-678-3951 EXT 4332 OR 4333 ***

Γ 1087C (Rev. 1/1/81)

# NOTICE OF HEARING
## Pursuant to Penal Code Section 3042

DATE:  **AUGUST 26, 2005**

**TYPE OF HEARING**

☐ Life Prisoner Initial Parole
Consideration Hearing
(P.C. 3041, 3041.7, & 3042)

TO:  **SAN BERNARDINO POLICE DEPARTMENT**
**PO BOX 1559**
**SAN BERNARDINO, CA 92401-1559**

☒ Life Prisoner Subsequent Parole
Consideration Hearing SUB #3
(P.C. 3041, 3041.7, *3042)

☐ Extended Term Hearing
(P.C. 1170.2(b) )

☐ Other

RE:  Name:  **RUSH, ROBERT DALTON**          CDC NO.:  **D-73321**

Court Case No.: **CR44594**                  PD/SO No.:  **PD# 8607772508**

DOB:  **05/07/1965**                         Received:  **12/17/1987**

Offense:  **MURDER 2ND W/USE F'ARM**        Date of Offense:  **07/1986**

Location Of Offense:  **1883 VIRGINA ST, SAN BERNARDINO**

The named inmate will appear before the Board of Prison Hearings for a hearing as indicated above. The hearing will be held
 on **TUESDAY, OCTOBER 11, 2005 AT 1:00 PM**

Your comments and recommendations regarding this case are respectfully invited for presentation to the Board of Prison Hearings. Please submit your written response on the reverse side or by attachment to this notice no later than ten days prior to the Monday of the hearing week. If you have documents or reports, which include information about the prisoner, the prisoner's offense(s), or the prisoner's prior criminal history, you are encouraged to submit those along with your comments and recommendations.

A representative of the District Attorney's Office may attend this hearing as provided in Title 15, Division 2, Cal. Adm. C. §2030. If a prosecutor wishes to attend, please notify the person named below at least two weeks prior to the Monday of the hearing week. Failure to provide notice of attendance may result in denial of access to the institution for the hearing. Information not available in the hearing file must be received in writing no later than ten days before the Monday of the hearing week even if a prosecutor plans to attend the hearing.

Please mail reply to:            **D.S. Levorse, C & PR**
**Board of Prison Hearings**
**CTF Soledad**
**P.O. Box 686**
**Soledad, CA 93960**

**Fax: (831) 678-5905**
**e-mail: ralph.torres@corr.ca.gov**

*** To confirm by telephone, please contact the BPH desk at 831-678-3951 EXT 4332 OR 4333 ***

F 1087C (Rev. 1/1/81)

# SUPPORT

# LETTERS

# Picone & Defilippis

A PROFESSIONAL CORPORATION

625 NORTH FIRST STREET

SAN JOSE, CALIFORNIA 95112

(408) 292-0441     Fax: (408) 287-6550

STEVE M. DEFILIPPIS

STEPHEN S. PICONE

RYAN A. RAMSEYER

## ***VIA CERTIFIED MAIL***

July 13, 2005

CTF-Soledad
Attn: *Records/BPT Desk*
P.O. Box 686
Soledad CA 93960

RE: Inmate Robert Dalton Rush, CDC# D73321

To Whom It May Concern:

Enclosed please find additional support letters regarding inmate Robert Rush, D-73321, for the hearing that is currently scheduled for August 5, 2005 at 8:30 a.m. Please immediately deliver these letters to the Board for that hearing.

If you have any questions please contact this office immediately.

Sincerely,

Naomi Chairez, Secretary to
STEVE M. DEFILIPPIS

/nc

Enclosures (support letters)

cc: Client

July 10, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA  95814

Re: Robert D. Rush, D-73321

　　　Candidate for Parole Hearing

Ladies and Gentlemen:

My name is Connie Chamlee. I am 56 years old, a Registered Nurse for 36 years, a wife, and a Mother of two teenaged children. I am writing this letter in reference to Robert Rush who has been serving a sentence since 1986.

I have known the Rush Family closely, for the past 20 years. I know this family to be a good one with high moral standards and values. They were members of the Lake Arrowhead Community Presbyterian Church for many years and Mr. Dick Rush, Robert's Father, continues to be actively involved in Church activities, even donating his time and money in the form of scholarships and donations for the youth of the Church.

I was a friend of Ann Rush, Robert's Mother, and I spent time with her, performing nursing care before she passed away with cancer. She was one of the finest people I will ever know. It was difficult for her to accept her son's state but she never gave up supporting him and believing in him. It was her wish, as well, for him to receive leniency from the courts.

In going over the history of the events leading up to the crime itself, one can understand that there were certain circumstances that led up to the event itself. I believe that Rob has suffered for what he did. He is remorseful. He is repentant. He has made the best of his situation, even now, as he has studied and continues to study and has achieved a Bachelor of Arts and subsequently a Masters degree. I feel he would not be a threat to society. On the contrary, given his education and family background, he could very well be an asset to his community. He has the full support of his Father who visits him regularly, at least once a month, making the 8 hour drive, one

way, to see his son. Rob's brother, Brian, who is also supportive of Rob, is serving in the military and is a model citizen, husband and Father, himself.

Please take this information into consideration as you make your decision with regard to parole. I believe Rob deserves a second chance and that it is not only possible but probable that Rob could be a responsible member of society in the future.

Sincerely,


Connie Chamlee
Lake Arrowhead, CA

July 5, 2005

State of California

Board of Prison Terms Commissioners

545 Downtown Plaza, Suite 200

Sacramento, California 95814

Re: Robert D. Rush, D-73321

    Candidate for Parole Hearing

To whom it may concern:

Please accept this letter reaffirming my support for favorable consideration for Robert at his upcoming parole hearing. I believe Robert has accepted responsibility and demonstrated remorse for the tragic event and worked actively to rehabilitate himself. I further believe he will be a productive member of society and has the requisite family and community support to aid him.

As mentioned in my prior letter, I will do whatever I can to assist Robert in his reentry into society.

Sincerely,

Kevin M. Canty

23801 Ravensbury Ave

Los Altos Hills, CA 94024

06 July 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Re: Mr. Rob Rush

To Whom It May Concern:

This letter is to reaffirm my previous correspondence of 29 November 1999, and to once again recommend approval of a parole date for Mr. Rob Rush.

Since the date of my original letter, I fully expected Rob to be paroled. Since the intent of the California state prison system is to rehabilitate, I would say that the system has done a wonderful job in rehabilitating Rob. He is ready to assume a positive and productive role in society.

I am an active duty Navy Captain with 29+ years of service. Since my 1999 correspondence, I have commanded the Navy's largest shore installation, Naval Station Roosevelt Roads, Puerto Rico; and I currently serve as the Professor of Naval Science at the University of Virginia, preparing young men and women for service in our military during war. If Rob were younger, I would welcome him into my program, a program that requires honor, character and commitment.

Please contact me if you require any additional information. It would be my pleasure to convince you that paroling Rob Rush is absolutely the right thing to do.

Sincerely,

John R. Warnecke
Captain, United States Navy

2236 Montalcino Way
Charlottesville, VA 22911-3548
(434) 295-9294
warneckeva@adelphia.net

*Robert E. Williams*
*210 King Drive, Walnut Creek, CA 94595-1505*
*925-935-7377        rtybywilliams@attbi.com*

*State of California,*                                    *July 8, 2002*
*Board of Prison Terms Commissioners,*
*545 Downtown Plaza, Suite 2000,*
*Sacramento, CA 95814.*

Dear Board of Prison Term Commissioners:

*I understand that Mr. Rob Rush is to come before you again in August of this year for a parole date review. I write to stand behind my previous letter of September 21, 1999, in which I asked that you act favorably on his request for parole.*

*I keep in touch with Rob's father, Richard Rush, through the Lake Arrowhead Community Presbyterian Church (order of worship enclosed), which has been supportive of Rob's father, Richard Rush, and his late mother, Ann Rush, in working for Rob's release from prison and rehabilitation in the community. I am impressed with the positive manner in which, while in prison, Rob has continued his education, while working as a tutor in reading, computer drafting and now as a clerk/tutor in basic education.*

*With Rob's positive record, educational attainments and service as a volunteer tutor, I believe Rob Rush will make a good adjustment with gainful employment upon his return to our community. His release will provide one more housing unit for our growing prison population.*

*Hopefully Yours,*

*Robert E. Williams,*
*Presbyterian Pastor (retired)*
*U.S.N.R. Chaplain (retired)*

Mr. & Mrs. Robert E. Williams
210 King Dr.
Walnut Creek, CA 94595

*Cc: Pastor Bill Stanley,*
*Lake Arrowhead Community Presbyterian Church.*

Renewal of my request
July 3, 2005

Dear Board of Prison Term Commissioners:
Once again I urge favorable action upon request
for parole by Rob Rush at your 5 August 2005 hearing.
This grows in urgency with each passing year of
his positive prison record and the growth of the
California prison population. Sincerely, Robert E. Williams
Lake Arrowhead, California        July 3, 2005

0229

June 29, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

To whom it may concern:

My name is Martha Hansen, a single parent of Kadee, sixteen years old. We live in Lake
Arrowhead, California. I am an instructor at The Art Institute of California, Orange
County as well as the General Partner of Hansen Worley General Partnership. Prior to
these positions, I practiced interior planning and design for twenty-five years. My
daughter is senior at the Rim of the World High School.

Rob Rush is the son of my dear friend Ann Rush, who has passed away from cancer. Ann
and I met through the Lake Arrowhead Community Presbyterian Church where we did
volunteer work together for ten years. The entire church and myself know the tragic
accident which imprisoned Rob and want him back into our church and community. He
has paid his debt to our society with time already spent, has educated himself to the level
of Master's Degree, tutors computer drafting and, in short, rehabilitated himself. Our
church and community as well as his devoted father will support Rob Rush in starting and
maintaining a honorable and good life. I'm personally willing to prvide work references,
job opportunities and  advice.

Please release Rob Rush from prison so he may return to contribute his talents to our
community.

Thank you,


Martha Hansen

June 28, 2005

State Of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, California 95814

Re: Robert D. Rush, D-73321

To whom it may concern;

I am writing again to express my belief that Rob has paid his debt to society. I have not had the pleasure of knowing Rob, as an adult; however, I have known Dick Rush my entire life. Dick and his wife Ann, before her untimely passing, are good nurturing parents. This is evident when Dick gets together with his grandchildren or my children. I feel it is important to let you know that Rob comes from a family that supports him and loves him always.

Dick has told me many times of Rob's schooling while in prison and the effect it has had on him. He uses his skills to tutor others. I am always updated by Dick after his monthly visits and can easily see the love and concern Dick has for his eldest son. I understand what kind of a man Rob has become over his incarceration. Rob has stated his remorse and determination to live a law-abiding life.

Please give Rob the chance of having a productive life teaching others. You will not be sorry.

Thank you,


Paul E. Canty


5505 West Bay Road
Midlothian, Virginia 23112

0231

October 8, 1999

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

To whom it may concern:

My name is Martha Hansen, a single parent of ten-year-old Katie. We live in Lake Arrowhead, California. I am a graduate student at the University of Redlands in pursuit of a Master's degree in Business Administration. Prior to being a student I practiced interior planning and design for twenty-five years.

Rob Rush is the son of my dear friend Ann Rush. We met through the Lake Arrowhead Community Presbyterian Church where we both do volunteer work. I, as well as the entire congregation, know the tragic accident which imprisoned Rob and want him back into our church and community. He has paid his debt to our society with time already spent in prison, has educated himself to the level of Master's Degree, tutors computer drafting and, in short, rehabilitated himself. Our church and community as well as his devoted parents will support Rob Rush in starting and maintaining an honorable and good life. I'm personally willing to provide work references, job opportunities, or advice.

Please consider Rob Rush's release for this December 1999. He would be a constructive and helpful citizen in our community.

Thank you,

Martha Hansen

6·10·02
I verify that this letter is still true and I will stand behind Rob, as stated.

Mart Mrm

0232

NIC
OUT

Martin A. Nicholas
590 NW Sonora Dr.
Bend, Oregon 97701

To whom it may concern:

A number of years ago I wrote in support of Rob Rush, a friend as
well as former student. I have known Rob since his 10th grade year
at Rim High School. My support of Rob has not wavered but is, if
anything, stronger. He was an excellent student, trustworthy and
polite. Rob has continued to display these qualities, and has made his
years very positive and productive. Rob's record has been exemplary,
a model prisoner. I have every confidence that he would become a
true asset to society if released.

With the support of his family and friends, I have every reason to
believe Rob would lead a stable, responsible life. I strongly urge Rob
be given that chance.

Sincerely,

Martin A. Nicholas

Martin A. Nicholas

# Picone & Defilippis

LAW OFFICES OF

A PROFESSIONAL CORPORATION

625 NORTH FIRST STREET

SAN JOSE, CALIFORNIA 95112

(408) 292-0441    Fax: (408) 287-6550

STEVE M. DEFILIPPIS

STEPHEN S. PICONE

RYAN A. RAMSEYER

### ***VIA CERTIFIED MAIL***

July 6, 2005

CTF-Soledad
Attn: *Records/BPT Desk*
P.O. Box 686
Soledad CA 93960

RE: Inmate Robert Dalton Rush, CDC# D73321

To Whom It May Concern:

Enclosed please find support letters regarding inmate Robert Rush, D-73321, for the hearing that is currently scheduled for August 5, 2005 at 8:30 a.m. Please immediately deliver these letters to the Board for that hearing.

If you have any questions please contact this office immediately.

Sincerely,

Naomi Chairez, Secretary to
STEVE M. DEFILIPPIS

/nc

Enclosures (support letters)

cc: Client

0234

Richard D. Rush
P.O. Box 1314
Blue Jay, CA
92317
June 28, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Dear Commissioners,

As the father of Robert D. Rush, I am writing this letter to the Board on his behalf. I have been a teacher of learning disabled children for the past 17 years and, I feel great pride that Rob has acquired a marketable profession in the field of computer drafting plus he has demonstrated a dedication to the furthering of his education. In addition, Rob has gained valuable on the job experience by tutoring other inmates as they work on obtaining skills in areas such as Reading, Life Skills and, Computer Drafting. He currently works in the Education Department for the "Bridging" program.

Our family knows that the support that we provide to Rob is vital to his having a successful reentry into society and we have demonstrated this during his 19 years of incarceration. Prior to her death in 2001, Rob's mother and I made monthly visits to Soledad despite living 370 miles away. I, and other family members have continued these visits. Further, we privately financed Rob's pursuit and acquisition of a Master's Degree from California State University, Dominguez Hills. Rob's thesis was published by the University and it has been used by graduate students in pursuit of their Phd.

I am financially able to meet any requirements that Rob may have when he is released. Rob will be provided with a home, food and clothing, medical and dental care, a car and any other needed financial assistance as he makes the transition to the workforce. My son is a model prisoner and his computer drafting skill has earned him job offers. Therefore, Rob will be provided with the resources necessary to become a productive citizen.

Rob made a tragic error and I know he feels sincere remorse. The law has set forth the penalty he must serve and the prison behavior he must demonstrate to earn parole. He has proven his character and deserves the granting of a parole date, and upon reaching that, he will continue to receive total family support to help him become a valued member of society.

Sincerely,

Richard D. Rush

The Rev. Dr. William F. Stanley, III
P.O. Box 2812
Lake Arrowhead, CA 92352

June 28, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Dear Board of Prison Terms Commissioners,

I write in reference to the upcoming parole review of Robert Rush in August of 2005. I am the Pastor of Lake Arrowhead Community Presbyterian Church where Rob's family have been members for several years. While his mother passed away a few years ago, his father, an elder in our congregation, remains an active, faithful member.

As I understand it, Rob has conducted himself in an exemplary manner while in prison. Not only has he been a model prisoner, he has had many academic accomplishments. All that he has achieved has been to prepare himself for a life in which he can provide for himself and contribute to the well-being of our society. He has earned his Bachelor's degree from San Jose State and a Master's Degree in the Humanities from California State University. Rob has received certification in drafting. He has tutored others in this field as well as that of adult basic education, demonstrating his ability and willingness to contribute to the well being of others.

My own theological perspective on justice is that its purpose is restoration. As I understand it, Rob plans to return to Lake Arrowhead, CA where he has a job waiting for him. I am confident that he will be encouraged and supported in his new freedom by both a father of the upmost integrity and a strong community of faith. I, myself, pledge my pastoral support and care, a calling I take very seriously.

Despite the above mentioned conduct, accomplishments and contributions, Rob's former requests for parole have been denied. I believe that Rob Rush has not only paid his penalty but has demonstrated that he is prepared to follow the instructions of his parole. For almost nineteen years Rob has demonstrated a strength of character by which he has accomplished and contributed much under the difficult circumstances of incarceration.

As you consider Rob's latest request for parole, I respectfully request that you recognize not only Rob's potential for a productive life that will benefit his community and the larger society but also the high calling of the court and penal system to *restorative* justice.

Sincerely,

The Rev. Dr. William F. Stanley, III

0236

D/C
put

State of California
Board of prision terms
545 downtown plaza #200
Sacramento Calif. 95814
June 27, 2005

Ref: Robert Rush
D 73321

Dear Commissioners:

I am writing this letter, like many others, in full support of Robert Rush . I have
known Robs father for sometime now and have read many of the letters of
support. Knowing the entire circumstances of Robs incarceration and knowing
how Rob has bettered himself with his school accomplishments and efforts
to help others, I feel his time has been served. For the last 19 years Rob
has been a model inmate and has shown he is ready to turn his life around
and be a real asset to the community.

I understand the parole boards position, however keeping Rob in prision serves
no purpose. He has served his time. Please this time grant Rob what he
deserves and that is to be released.

Thanking you in advance

Louanne Landgraf.

N/C
guest

Wendy D. Lanham
P. O. Box 295
Blue Jay, California 92317

State of California
Board of Prison Terms Commissioners
545 Downtown plaza, Suite 200
Sacramento, Ca. 95814

June 4, 2002

Dear Sirs;

My name is Wendy Lanham and I am a resident of the San Bernardino Mountains.  I live in a little town called Blue Jay, which is about 3 miles from Lake Arrowhead.  I work for Rim of the World Unified School District as a clerk for the Associated Student Body.  Basically I keep the books for the High school clubs and the ASB accounts.  I have lived in the Lake Arrowhead area for 24 years and I attend the Lake Arrowhead Presbyterian Church.

I first met the Rush family through the school district.  Both Mr. and Mrs. Rush have been teachers for both of my children.  I also know the family through membership of the same church.  Dick Rush has kept me informed of all the progress Rob has made during his confinement.  He has told me about his academic progress, earning a Bachelor's degree from San Jose State and his Master's Degree in Humanities, with an emphases on history, from Cal State Dominguez Hills.  Dick also mentioned his tutor program in reading for other inmates, his tutor program in computer drafting and currently working as a clerk/tutor in Basic Education..

I feel the Rush Family is one of the best families I know.  They are very kind and helping people and have always been available when I needed help.  I know the family, and the church family will help in every way possible to assist Rob in his adjustments to the "outside world".  I am more then willing to help Rob in any way I can, in finding work, community projects, and spiritual peace.  I feel Rob Rush would be an active and responsible addition to our little community and church family.

Thank you for your time,

Wendy D Lanham

Wendy D. Lanham
(909) 337-1630

The information has not changed
Wendy D Lanham
6/26/05

0238

**Al Mellinger Construction Inc.**
**P.O. Box 258**
**Skyforest Ca. 92385**
(909) 337-4466

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Su. 2000
Sacramento, Ca 95814

6/24/05

Dear Sirs:

We understand that Rob Rush is being considered for parole again. We still stand behind our letter of 1999.

We will be glad to offer Rob a job with our Construction Co. when he is released.

Sincerely,

Al Mellinger

May 29, 2002

Terrie Moore
P.O. Box 2020
Lake Arrowhead, Ca 92352

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

The letters that I have previously written will stand today.  Rob Rush has a very
supportive family and would be able to be a valuable citizen in our community.

Please consider the request at the parole hearing in July of 2002.

Sincerely,

Terrie Moore

6/24/05   I Continue to
support Rob Rush's release
because of his family.
They will be supportive
in all respects of
his Release.

Terrie Moore

0240

NIC
Jant

June 24, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza  Suite 2000
Sacramento, CA  95814

RE:  Rob Rush Parole

Dear Sir or Madam:

This letter is to confirm the statements and feelings in my
letter of October 24, 1999, supporting Rob Rush in his
application for parole.

Sadly, his mother, Ann, has passed away since my original
letter.  His father, Dick, continues to provide loving
support and encouragement to their son, Rob, to make his
life an example for what others can achieve, even in the
face of difficulty.

Dick has continued to be actively involved in our church,
becoming an Elder and serving a three year term on our
Session.  Our church family would provide tremendous
support for Rob, if he could be given a chance to rejoin us
in our mountain community.

Sincerely,

Charlene Wells

Charlene Wells
P.O. Box 2914
Blue Jay, CA  92317

0241

*NIC*
*Cust*

June 22, 2002

State Of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Gentlemen,

We are informed that Rob Rush is coming up for parole consideration again soon and wanted to again write and express our support for he and his family.

In your files you should have a letter we wrote dated November 7, 1999 outlining some history about Rob and the long standing, good reputation of the family from which he comes. Please continue to consider the information provided in that letter and know that nothing has changed to cause us to doubt that Rob would be a good candidate for parole in California.

Rob's mother passed away a few months ago after a long battle with cancer and the family has once again had to endure a tragedy. However, his father Dick and his brother Bryan are still serving as public servants, Dick as a teacher in the California school system and Bryan as an officer in the United States Marines. Both are continuing examples of a family dedicated to improving the society in which they live.

We continue to believe that Rob made a tragic mistake that cast a heavy burden on his family and the family of the victim. However, we believe he realizes his mistake, accepted responsibility, paid his debt to society and is prepared to become a respectable citizen again and relieve the taxpayers of California of the burden he placed upon them.

May God grant you wisdom and allow you to make the right decision in this matter.

Sincerely,

*Darrel Stilwell*
*Lucille Stilwell*

Darrel and Lucille Stilwell
5394 Summer Plains Drive
Mechanicsville, Virginia 23116

June 22, 2005
Board of Prison term Commission

Please continue to Consider the information herein on behalf of Rob Rush at his upcoming hearing.

Thank You

*Darrel E. Stilwell*
*Lucille R. Stilwell*

0242

Diane Poarch
Post Office Box 591
Blue Jay, California 92317
June 18, 2002

State Of California
Board of Prison Terms Commissioners
545 Downtown Plaza Suite 200
Sacramento, California 95814

Dear Commissioners,

My name is Diane Poarch and I have been a First Grade teacher for the last 22 years. I currently teach with Mr. Rush and taught with Mrs. Rush until her death. I have known them for the last 18 years. Their son Rob is currently in prison and is looking forward to a possible parole. I strongly urge you to consider Rob for parole. He has not wasted the last 16 years that he has been in prison and has earned several educational degrees. During this time, he has been a model prisoner. I know he understands what he did and is prepared to serve his time, but I feel he also has much to offer and can lead a productive life in society.

Our community is small and supportive of each other. I know of many families who are prepared to do what it takes to help Rob readjust to a regular life. My family would be very happy to help out. Rob's dad is a wonderful person and is well regarded in the community, both personally and professionally. He has visited him regularly (monthly) since his imprisonment, and would do whatever is necessary to help Rob reenter life outside of prison.

I also attend the same church as Mr. Rush and I know Rob will receive moral, financial, and social support from the church at large.

I recently visited Alcatraz Island and met Mr. Jim Quillan, a former inmate who has written a book about his experiences. He received his parole many years ago and went into the medical field, using the training he received in prison. He made such an impression on my children and myself. I have thought about him a lot, because he was given a parole and a chance to move on in life. It is my understanding that paroles are very rare for people in Rob's situation. I pray you will look at his case carefully and not give a blanket refusal. I feel Rob has much to offer.

Sincerely,

*Diane L. Poarch*

Mrs. Diane L. Poarch

22/05 We continue to offer our support in c way to Rob and hope for a parole Soon —
*Diane L. Poarch*

0243

# The First Presbyterian Church

521 EAST OLIVE AVENUE

BURBANK, CALIFORNIA 91501

ROSS A. PURDY
PASTOR

PHONE (818) 842-5103
FAX (818) 842-5134

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

June 22, 2005

Dear Board of Prison Terms Commissioners,

I am writing this letter on behalf of Rob Rush. I am currently the Senior Pastor of the First Presbyterian Church of Burbank, CA and have been a friend of the Rush family for almost ten years. During the first six of the ten years I had the privilege of being the pastor to the Rush family at the Lake Arrowhead Community Presbyterian Church in Lake Arrowhead, CA.

I know the Rush family to be one of the strongest families I have known. Both Ann (now deceased) and Dick Rush have faithfully served the Lake Arrowhead community as teachers in the educational system for decades. Both of them have reputations for being solid and healthy leaders in the community and in the Presbyterian Church. Their son, Brian, a loving husband and father, is a tremendous example of commitment and integrity with the record of a strong career in the military.

It has been through each member of the Rush family that I have come to know Rob. For the past ten years I have eagerly sought information about his progress and development during his incarceration. With an avid interest, I have followed Rob's achievements as a model prisoner and celebrated several of his accomplishments along with his friends and family.

My reason for writing this letter is to specifically request that you consider his parole favorably. I know that Rob has a tremendous support system. Should he be released from the system, I know that he would have a way to support himself, not only through employment opportunities, but also through the support of his family and friends, of which I am one. Further, I believe his release would provide an opportunity for him to share his experience as a man who has learned from his mistakes and crime, thereby benefiting the community and countless individuals.

It is my belief that Rob has a strong and useful life ahead of him outside of the prison walls. I believe our society could benefit from his release and give him the opportunity to prove himself an effective member of society.

Sincerely Yours,

*Rev. Ross Purdy*

Rev. Ross A. Purdy

"TO KNOW CHRIST AND TO MAKE HIM KNOWN"

0244

Angie Rush
18 Stone Ridge Court
Stafford, VA 22554

June 22, 2005

Members of the State of California Parole Board

Dear Sir or Madam:

I am writing this letter to express my wholehearted support for the decision to grant parole release for Robert Rush, my brother–in–law. I do not write these words out of family obligation, but as an individual who remains to this day very sympathetic to the emotional suffering of the victim's family.

I struggle to find appropriate or adequate words to describe the level of respect I have for Rob. His is examples of continuous effort to improve himself and to help other inmates academically speak for itself.

But Rob is so much more than a "good prisoner". Rob is thoughtful and kind. He delights in the love of his family. Rob's family has faithfully supported him throughout his long imprisonment, with hundreds of visits, and innumerable telephone calls, packages, books and letters. His community and family support will only further ensure his success at becoming a contributing member to society at the day of his release through employment and positive social support.

In the eight years that I've come to know Rob, I've watched him face many frustrations and heartaches; particularly as he watched helplessly as his devoted and loving mother died of cancer. Yet through all of this, he has not succumb to bitterness nor has he lost his upstanding character.

Robert is more than the horrible mistake in judgement, which he made one day many years ago. He is not a career criminal. He is a good man from a good family. The chance of him ever committing another crime is virtually nonexistent.

I don't know what the parole board's criteria are for a prisoner to be granted parole. I just can't imagine someone being more qualified than Rob. I ask you to please consider and grant his parole release.


Very Respectfully,

*Angie Rush*

Angie Rush

*N I C*
*( ) dirt*

P.O. Box 64
Cedar Glen, CA 92321

June 22, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Dear Mr. Chairman:

I first wrote to you in 1999 in support of Robert Rush, whom I have known since his family moved to our community in 1980 when Robert was 15 years old.   Robert is due to be considered for parole on August 5, after having served nearly 19 years of his original sentence of 17 years to life.

Robert has had an excellent record during his incarceration.  He has earned both a baccalaureate degree from San Jose State University and a master's degree from California State University at Dominguez Hills.  He has also worked as a clerk-tutor in basic education, serving other inmates.

Robert consistently continues to demonstrate his determination to live a productive, law-abiding life upon his release from prison. He is most fortunate to have an extremely supportive family, as well as a church community that will make every effort to assist him when is is released.  I, personally, would not hesitate to provide a character reference for Robert or a positive recommendation for any prospective employer.

With all of Governor Schwartzeneger's efforts to make cuts in California'sbudget, it would seem logical to grant paroles to those prisoners who, like Robert Rush, have  remained disciplinary free during their incarceration.

Thank you for your consideration.

Sincerely,

*Billie Weiss*

Billie Weiss
P.O.Box 64
Cedar Glen, CA 92321

State of California

Board of Prison Terms Commissioners

545 Downtown Plaza, Suite 2000

Sacramento, CA 95814

June 19, 2005

The Board of Prison Terms;

To Whom It May Concern,

I am again writing to you with regard to Rob Rush. I am a friend of Mr. Dick Rush and was a friend to his late wife, Ann Rush. I have known them both professionally and personally for many years. I am a retired teacher. I hold an Associate of Art degree in Science, a BA in English with a minor in Science, am a certificated teacher in the State of California, and have a Masters Degree in Educational Administration. I have worked as a regular classroom teacher, a Special Needs Team leader and a Teacher-in-Charge at our school. I have worked with children and young adults for over 25 years.

I am aware that Rob Rush has taken advantage of his incarceration to better himse and by helping others. I would expect little else from him, knowing his parents. They both have worked in a school environment as classroom teachers. They have both been active in their church and in the community.

Mrs. Rush had had several bouts with Cancer and has lost her fight. I know this ha deeply affected her family, including Rob. Her greatest wish was to see her son free and becoming a valued part of society. I hope you can see your way to granting her wish.

I am not, normally a proponent of a shortened sentence, but I feel that Rob has learned a bitter lesson, used his time wisely, while in prison, and can be a valued part of o society. I read of many early releases due to crowded facilities. It seems to me that persons who have used their incarceration to learn skills that would be helpful to others, ar have tried to better themselves are better candidates for release than those who will cause problems and add to societies financial responsibilities.

I hope you can find compassion and understanding in your hearts to give this man new chance at life and to grant his Mother dying her wish.

Thank you for taking the time to read this letter.  May God be with you as you make this decision.

*Darlyne Hopkins*

Darlyne Hopkins

Roy E. Holes
P.O. Box 3186
Blue Jay, Ca,
92317
17 June 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, Ca. 95814

Gentlemen:

My name is Roy E. Holes. I communicated with you on 4 September 1999 and again on 1 July 2002 when I wrote to you in behalf of Rob Rush. I would like to reaffirm all that I have said on those occasions. Nothing has changed since then but I think that the passage of time has made Rob even more deserving of parole. Rob is in our thoughts and prayers and we hope that you have reconsidered your decision and will make a favorable response to his parole when you meet again in August.

Very sincerely,

Roy E. Holes

Roy E. Holes

June 21, 2005

Major Brian R. Rush, USMC
18 Stoneridge Ct
Stafford VA 22554

Members of the State of California Parole Board

Dear Sir or Madam:

This letter is written in support of a parole decision for Robert D. Rush. While he has undoubtedly committed a serious crime, in the time since he has completely underwent a reversal in his life's direction... I hardly consider him the same person now as in 1986. His well documented history of further education, service to others, and strong psychological profile will attest to this without the need for me to amplify upon it.

As an officer of Marines, and a Commanding Officer of a support company, I know the difficulty you face in deciding a man's future. In my job, I know that allowing a troublemaker to go free without sufficient discipline only causes future problems for those around him. But I have witnessed many more individuals who learn from their wrong doings, and who become far better Marines than even their peers who have not made criminal mistakes. To cut these individuals away would not only do them a disservice, but the Corps as well. We would not benefit from these Marines' future contributions if we merely cast them aside.

Rob is one of these individuals who still have so much to offer. While he can never undo the damage he has done, he can make retribution. His prison sentence has caused him to greatly suffer in punishment, but his freedom will repair and repay our society, as they will gain such a strong contributor to its virtues. His value to society as a strong, morally upstanding, fully reformed citizen has great worth, and can be realized by granting him parole, while further punishment has no value and is only burden on the taxpayer. He is fully reformed, as evidenced by all of his accomplishments: he has paid a great price for his crime, and it is time to begin healing.

I have visited Rob whenever I can make the trip... I look forward to visiting my brother, but also to listening to the sage advice of a man well versed in history, psychology, political science, and philosophy. He has enlightened me with his insight on morality and human nature. I know that such a man can be of the utmost benefit to his society, yet if he remains imprisoned he is only a burden to it.

Please call me at your convenience to discuss any of the above issues. Work: 703.784.6276, Home: 540.720.8298. I assure you that upon his release he will continue to receive the highest degree of support from his friends, family, and community. I hope you will consider the above in your decision, and I thank you for your time.

Very Respectfully,

B. R. RUSH
Major, USMC

Iris and Matt Riggs
PO Box 3116
Running Springs, CA 92382

June 21, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

To the Board of Prison Teams:

We are writing to support the parole of Rob Rush.. In addition to our knowledge of the Rush family, we believe that our professional experience as university professors since 1988 makes us well qualified to judge the ability of the Rush family to support Rob, should he be paroled.

Though we have not met Rob, we have known his family for many years. We have been members of the same church as Rob's parents. Prior to her death, Ann Rush and I (Iris) had served the Sunday School in our church. She continually kept the church community aware of Rob's progress and her family's effort to support him. We have found the family's honesty and openness in regard to this situation a learning opportunity for our own family. We have had many family discussions about crime, punishment, and remorse as a result of Rob's story.

The Rush family behavior makes us realize that Rob and his family have completely accepted responsibility for the terrible mistake that Rob made. Dick is fully dedicated to Rob's successful re-entry into society. He has the means and commitment to facilitate this process. Should Rob receive parole, he will be greeted by a family and community ready to welcome him, monitor his progress, and support his efforts. Rob's own behavior within prison attests to his commitment to assuring that his life will contribute to society—not harm it.

Please, seriously consider paroling Rob Rush. We truly believe that he has served his sentence well and deserves a chance to prove himself outside of prison walls. He is not a threat to society, and in fact, should be able to do much to make a positive difference in this world—in large part due to his acknowledgement of this terrible mistake.

Sincerely,

Iris Riggs and Matt Riggs

Sincerely,

[Click here and type your name]
[Click here and type job title]

0251

N/C
pur√

State of California
Board of Prison Terms Comm.
545 Downtown Plaza
Suite 2000
Sacramento, CA 95814

This is my third letter
written to vouch for Rob Rush.
i.e. letters were written
29 Sept. 1999 and 2 June 2002.
My thoughts and feelings
have not changed since the
original letter and my
admiration for Rob has
greatly increased. He has
been a role model to
all that know him and
a mentor to those inmates
that need educational
help.

Please give careful
consideration to his parole.
I truly feel it is time to
have it granted. Joan Raese
1606 N. Astor Ct.
17 June 2005    E. Wenatchee, WA
98862

0252

Marjorie A. Eide
P.O. Box 241
Crest Park, CA 92326
June 17, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Dear Commissioners,

I am writing on behalf of Rob Rush, who is soon to be considered for parole. If ever a person was deserving of being paroled, it is Rob Rush. In his eighteen years in prison, he has earned a Bachelors Degree and a Masters Degree. He has prepared for a career, has volunteered to help others with computer skills, has helped as a library aide, and has served as a tutor in basic education while in prison.

Rob has shown exemplary conduct while incarcerated, and remains hopeful that the prison system believes in the rehabilitation of inmates. Parole for those who have demonstrated that they have turned their lives around for the better is a powerful incentive. That should be one of the goals of our penal system!

I urge you to recognize the positive steps Rob has taken to prepare himself to be a contributing member of society. If parole hearings are truly reflective of our system's belief in rehabilitation, then Rob Rush should be released.

Sincerely,

Marjorie A. Eide

Marjorie A. Eide

0253

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

1606 N. Center St.
E. Wenatchee, WA 98802
June 17, 2005

Dear Commissioners:

Regarding my original letters of support for Rob Rush of September 29, 1999 and June 3, 2002 I want to state wholeheartedly that these two letters are still valid.

Rob Rush is an outstanding person shown by his achievements to help others and gain educational knowledge to improve himself and those in the world while under trying circumstances. He should be considered a prime example to be released under parole to serve others to follow a worthwhile life.

Sincerely,

J. Thomas Roese

0254

June 16, 2005

Re: Robert Rush

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza
Suite 2000
Sacramento, CA 95814

Ladies and Gentlemen:

*Enough is enough.*

It is time for you to offer parole to Rob Rush.  Rob has been an exemplary prisoner for almost nineteen years.  While incarcerated, he has earned a bachelor's and a master's degree and taken part in all self-help programs that have been offered.  And we understand that he has no disciplinary record while in prison.

Justice is not served by continuing Rob's imprisonment.  We call on you to put political considerations aside and simply do what's right.  Release Rob.  We are totally convinced that Rob will become a productive member of society if given the opportunity.

Sincerely,

Bruce and Carol Wagner

PO Box 1872
Lake Arrowhead, CA 92352-1872

cc: Richard Rush

0255

plc
plot

June 18, 2002

State of California
Board of Prison terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Re: Robert D. Rush, D-73321
    Candidate for Parole Hearing

To whom it may concern:

We are writing this letter to reconfirm our support for Robert Rush.  As we have
expressed in the past, we have known the Rush family personally during the past 20
years, and feel confident Robert will be given the support needed by his family to help
his transition into society.

We hope his upcoming hearing will provide enough information to allow Robert to prove
to himself, his family, and the community that he will make a very good citizen.

Sincerely yours,

Tony & Linda West
PO Box 986
Cedar Glen, CA 92321

June 16, 2005
We continue to support Robert Rush and
his efforts to gain parole. Please consider
his request, and recognize his accomplishments and
productivity while he has been in prison.

Tony With Linda West

TONY + LINDA West
245 28th Street
Hermosa Beach, CA 90254

0256

80 San Gorgonio Dr.
Redlands, CA 92373-4644
June 15, 2005

State of California
Board of Prison Terms
Chairman
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Dear Chairman,

This is to update our support of paroling Rob Rush.

Please refer also to our original letter dated, August 3, 1996, reaffirmed
May 23, 2002.

Time moves on and Rob's mother Ann has passed away after a valiant
fight with cancer, we have moved away from the community we shared
with the Rushes for over 30 years. Lodi and Rob's father are still
colleagues finishing their careers at Lake Arrowhead Elementary School.
While these changes have taken place in our lives, we understand Rob
had taken every advantage offered to rehabilitate himself.

Our personal belief and understanding of the purpose of prison is to
rehabilitate people or incarcerate them to protect society. It seems quite
clear that Rob has rehabilitated himself and is of no danger to society. It
seems a waste of a life to further incarcerate him when all indication is
that he would be a very productive member of his community. It is also
a waste of taxpayer dollars.

We continue to urge you to release Rob.

Sincerely yours,

Lodewyk J. and Pamela E. Zubko

Copies to: Dick Rush
            Counselor to Rob Rush
            Rob Rush

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

June 15, 2005

Dear Commissioners:

The comments in my letter dated June 10, 2002 (attached), are still valid. I stand behind that plea for leniency. And I wish to add a couple comments for your consideration as we approach Robert's parole hearing.

Revenge is not a civilized concept. Indeed, we must believe in the power of redemption, of education and self-improvement for all of us—not only for those who are incarcerated. Who is to say when a debt has been paid to society? Clearly that is your job.

But for those outside the prison system who say, "we want our pound of flesh" and show no leniency, then I say, "Enough." Clearly, they believe that Robert can never be productive, that he should always be locked up and the key discarded! These people will never change their minds. They have suffered a grievous loss, certainly, but ongoing revenge for that loss will never heal their souls.

Whether Christian or not, at some point we must heal, learn to turn the other cheek, and forgive. We all must get on with our lives.

It is time for Robert to get on with his life. Please give him that chance.

Sincerely,

Jon W. Raese
905 Morgan Dr.
Boulder, CO 80303

0258

State of California
Board of Prison Terms Chairman
545 Downtown Plaza Suit 200
Sacramento, Ca. 95814

To the Board of Prison Terms.

In regards to Robert (Bob) Rush, a model prisoner in your institution. (Don't take my word for this statement, I Challeng you to Check it out). This young man made one mistake in his life that he has paid dearly for.

I am ninety eight (98) year old and I have seen a lot of life, Believe me when I tell you that this boy is Not a hardened Criminal. young Robert has Shown by Completing Various academic program and volunteer work that he has developed into a model Citizen with dreams and aspirations.

I implore you to give him a Chance to help other people. He is a Christian and Comes from a pioneer Christian families.

His ancestors on both sides of his families were respectful Christian, upright people.

Please! Please! Check into his record and give him a new Chance to prove himself. He has family & friend on the outside, who will provide our support with encouragement.

He has a brother in the U.S. Marines. Who has spent time in Iraq. also Consiles and

Thank You for your consideration

Sincerly

Walter M. Raese — (uncle)

0259

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Re: Robert Rush

~~Dear Commissioners:~~

Since we last wrote to you in 1999 on Robert Raese's behalf he has earned a MASTER's Degree in Humanities at California State and is tutoring in computer drafting.

We are Robert Rush's great aunt and Uncle and knew him well through his grandmother, my sister Alice Lucile Roberts Raese.

Robert has been detained almost sixteen years and we feel he has thoroughly rehabilitated himself and is ready to resume his citizenship in society and development as a free citizen.

We hope you will see fit to approve his parole.

6-14-05     Sincerely,

William L. Roberts, CLU
LCDR (SC) U.S. NAVY Retired.
Juanita Roberts

Dear Commissioners:
We would like to renew our request for your consideration of parole for Robert Raese.

Respectfully,
William L. Roberts
Juanita Roberts

Mr William Lee Roberts
1161 Hall Mountain Rd
Viper, KY
41774-8299

0260

Annette Faust

P.O. Box 233
Blue Jay
CA 92317

June 14, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, Ca. 95814

I have been a friend of the Rushs
for almost 26 years.

Our sons played together going thru school.
We often met for sports games involving the boys.

I have fond memories of a stable & very
caring family.

Certainly feel Rob has proven himself
well with his accomplishments while serving his
prison term.

Please consider him for parole.

Sincerely
Mrs. Annette Faust

0261

N/C
just

Ralph & Anna Bauer
307 Annandale Dr.Box2172
Lake Arrowhead, CA 92352

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza,Suite 200
Sacramento, CA  95814

June 14, 2005

Dear Commissioners:

This letter is written to again state our strong support for Rob Rush and
your favorable finding of an early parole date.  Our earlier letters of
support were December 1999 and June 2002.

Please note our friendship with Rob's family along with other church members
will be an effective support team locally.

Sincerely,

Ralph L. Bauer

Anna M. Bauer

0262

R O B E R T  &  C A T H E R I N E  L O N G

June 13, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Re: Parole hearing of Robert Rush

Dear Sir or Madam:

We are writing this letter to request your consideration of our support for the release of Robert Rush at his upcoming parole hearing and reaffirm statements made in prior letters.  Our relationship with the Rush family dates back to 1981, when our daughter entered the third-grade and was fortunate enough to be enrolled in the class taught by Robert's mother.  Our admiration and respect for this family grew over the years, so much so that we requested that Mrs. Rush serve as godmother at our daughter's baptism.

We were involved with the family during the time that the incident took place which resulted in Robert's sentencing.  The trial in this case seemed to leave many details unexplored and we always felt that a manslaughter conviction would have been much more appropriate.  Robert was recovering from a serious accident at the time of the incident. The victim had been beating him and unfortunately Robert made an unwise choice, thinking that the sight of a gun would discourage further abuse.

This was a situation involving a young man with immature judgment; Robert had no history of problems or any trouble with the law. In the years since his conviction Robert has been a model prisoner.  He has earned a college degree, helped other inmates with literacy training and has suffered personal tragedy as his mother fought and lost a battle with cancer.

I do not consider myself to be a person who holds a lenient attitude toward crime and punishment. However I do not feel that it is in the best interest of any citizen when the State continues to support and confine someone who has given ample evidence that he has become a mature and responsible person who could be a productive member of society.

We appreciate your consideration in this matter.

Sincerely,

Catherine W. Long

164 EAST 1400 NORTH • MAPLETON, UT • 84664

June 13, 2005

NIC
Jut

William D. Freuler
291 North Brown Road
Littleton, North Carolina  27850

State of California
Board of Prison Commissioners
545 Downtown Plaza Suite 200
Sacramento, CA 95814

Re: Robert Rush Parole

To whom it may concern:

My name is William D. Freuler and I personally know the family of Robert Rush.  I am aware of how Robert has used the time that he has been incarcerated to further his education.  He has also taken time to teach various subjects to other prisoners.  Robert is to be commended for the manner in which he has developed skills that will make him an asset to the community outside the prison.  Robert has the support of all his family and many friends of his family.

As you review this case, I would appreciate you grant Robert a parole.  I realize that the crime for which he was convicted was very serious. With all the support that I know Robert would receive, I do not believe that he is in any way a threat to others should he be released.

Should anyone from the Board of Prison Commissioners wish to contact me, my phone # is  252-586-5228.

Sincerely,

William D. Freuler

William D. Freuler

0264

June 4, 2002

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, California

Regarding: Robert Rush

I am writing to reiterate my strong feelings about Rob Rush, a young man paying his debt to society. Rob made a most grievous mistake in his youth and has been paying the price for his error for half of his life.

It is my hope that the state of California will listen to the pleas of the families of people like Rob Rush. He has made every attempt to attain the highest levels of human dignity within the constraints of his incarceration. He reaches out to help his fellow r       and strives for self-improvement at every opportunity.

We who are friends of his family continue to have faith in Rob and the hope that his future will be one in which he will be able to do his good deeds with all people. Please consider all that Rob Rush has accomplished and grant him a parole date.

Thank you for your consideration.

Sincerely,

Cheryl J. Moxley-Shaw
Lake Arrowhead Elementary School
Lake Arrowhead, California

June 12, 2005

It is my most sincere hope that the parole board will see the merit in allowing more of the model prisoners a chance lead a fulfilling life as free men. Rob Rush has shown a remarkable determination to rectify his mistake. Please grant his parole.

Sincerely,

Cheryl J. Moxley-Shaw

- 1 -

0265

*DIC quis*

P.O. Box 305
Blue Jay, CA 92317
June 10, 2005

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 2000
Sacramento, CA 95814

Dear Chairman,

We are writing to you on behalf of Robert D. Rush. who we understand is to have another parole hearing in August.  We would like for you to know about the support that we have and will be prepared to give him.

We have known the Rush family here in our mountain community for many years through the local Presbyterian Church and the Rim of the World Unified School District where his parents and we have been teachers. Because our daughter and Rob were in the church youth group all through their high school years, we had a good relationship with Rob and his family.

Since the very tragic events that took place when Rob was beginning college that led to his incarceration, we have kept in touch with his situation through his parents who have been a wonderful source of support through all these long years. We too, have kept in touch with Rob at Christmas and birthdays. With the educational opportunities which he has successfully pursued, his record of the best behavior and with the support of his family, friends and our church, we are confident that upon release Rob will be well prepared to make a positive contribution to society. We will be ready to support him in any possible way; we do firmly believe that his return to this community will be for the best interest of all.

Sincerely,

*Anne Vandenberg*
*Lee Vandenberg*
Anne and Lee Vandenberg

Thomas Ottoson
P.O. Box 910
Cedar Glen, CA
92321

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Dear Commissioners,

This letter is written in support of Robert Rush who will appear before you in
August seeking a parole date. I am a Vietnam War veteran and served as a CHP
highway patrolman for 8 years. For the past 16 years I have owned and operated a
Product Liability Investigations business.

While I have not met Rob in person, I have been good friends with his family for over
15 years. Rob had never been in trouble with the law prior to his crime and he has been
a model inmate since being arrested. I am very impressed with Rob's accomplishments
while at Soledad. He has earned a BA and a MA degree while learning an employable
skill in computer drafting. Rob has also gained good experience working in the
Education Department for many years.

Over the past 15 years I have observed the dedication and caring shown by the Rush
family. Rob has proven that he has turned his life around. If he is released, Rob can be
a productive member of society.

Sincerely,

Thomas Ottoson


DEAR SIRS,

I BELIEVE ROB HAS PAID HIS DEBT TO SOCIETY
AND WILL BE A PRODUCTIVE MEMBER OF SOCIETY
WHEN RELEASED. PLEASE GIVE HIM EVERY CONSIDERATION.

06/09/05

0267

P.O Box 305
Blue Jay, CA 92317
Nov. 17, 1999

State of California
Board of Prison Terms Commissioners
545 Downtown Plaza, Suite 200
Sacramento, CA 95814

Dear Chairman,

We are writing to you on the behalf of Robert D. Rush. It is our understanding that he will soon have another parole hearing and we would like to tell you about him from our point of view.

We are retired teachers from Rim of the World High School in Lake Arrowhead, California. We have known Rob and his family for many years. He was perhaps a freshman in high school when they first came to the mountains and our church, Lake Arrowhead Presbyterian. Rob and our daughter were both active in the church youth group and were good friends. We, as parents, teachers and church members were pleased to have Rob and his family become active in our church and the community.

Rob's present situation is indeed tragic. We are convinced that his family has been instrumental in helping Rob through these very difficult years for them all. They have been supportive in every way possible. We also have tried to keep him in touch with his local community by sending birthday and Christmas cards, and it is with gratitude that we read his letters that his parents have shared with us because they show his very positive attitude.

It appears to us that Rob is a fine example of the benefits of rehabilitation through education. When one might expect him to be frustrated and self-pitying, he instead has been able to concentrate on preparing for the future through self-improvement and much hard work by completing his education. We understand that he has earned a Master's Degree in Humanities from Cal State, Dominguez Hills and that he is currently working as a tutor in computer drafting. He should certainly now be employable. Our prayers are that he will one day be returned to this community. We will certainly be here to welcome him with our love and moral support and to help him in any way possible. We firmly believe that it will be in the best interest of all for Rob to be returned to society to put to use what he has learned from this tragedy in a productive and positive way.

day of May 25, 2002 we
sincerely re-affirm the views
stated in this letter of november
17, 1999.
Anne Vandenberg

Sincerely,
Anne and Lee Vandenberg
Anne and Lee Vandenberg

It is now June 9th 2005 and we
again re-affirm the views of this
letter of november 17, 1999. We will

0268