# EXHIBIT 7

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
Department No. S-8
351 North Arrowhead Avenue
San Bernardino, California 92415-0240

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 3 0 2006

BY _Olivia McDonald_
                    DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT

In re the Petition of

ROBERT DALTON RUSH,

For Writ of Habeas Corpus.

Case No. SWHSS- 9037

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS

The Petition of ROBERT DALTON RUSH for Writ of Habeas Corpus was filed in this Court on November 8, 2006.

Therein, Petitioner contends that:

1) The denial of parole to him as of October 11, 2005, is a sham, and was improper.
   a. The denial of parole is a violation of his due process rights in light of his demonstrated rehabilitation.
   b. He has been incarcerated too long than would be appropriate for a second degree murder.

The Petitioner desires that the Court intervene and assume the duties and responsibilities of the parole officials and the Executive Branch of the State government. Apparently Petitioner did not attend to his civic classes nor has Petitioner's counsel attended to the applicable law.

-1-

In conducting our review this Court may inquire only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation. (In re Rosenkrantz (2002) 29 Cal. 4th 616).

Petitioner would have this Court reweigh the evidence presented to the parole officials and apply a preponderance of evidence standard to the review. There is no applicable authority for such an approach.

It matters not whether this Court would grant parole to the Petitioner. This Court does not have the authority to do that unless a violation of due process can be shown.

2) Since the trial court did not make "special findings" as to circumstances of the crime the parole officials are precluded from using such circumstance to deny parole.

3) By repeatedly relying on the commitment offense and ignoring evidence of rehabilitation, the parole board is denying Petitioner due process of law.

It is clearly the law that the gravity of the commitment offense alone may justify a denial of parole. By "gravity of the offense" is meant particularly egregious.

a. The commitment offense is not so egregious.

4) No evidence supports any remaining unsuitability factors.

5) Petitioner is suitable for parole under the factors stated in C.C.R. Title 15 § 2402(D).

6) There is an unlawful policy and practice of denying parole to virtually all indeterminate term prisoners.

Pursuant to the record of the parole suitability hearing the Board was presented with these facts as to the circumstances of the crime; after a physical altercation with his college roommate, Petitioner armed himself with a rifle, which he kept under his bed, and shot the victim, his roommate, "numerous times". He then, with the help of a friend, buried the body in a remote location, buried the victim's wallet and identification, and then went out drinking with the victim's money.

Obviously, such a crime displays an extreme degree of callousness on the part of

1 | Petitioner. Petitioner contends that he feared for his safety and the shooting was a
2 | result of a "flinch". Such a depiction belies a lack of remorse. A "flinch" would not result
3 | in numerous shots. Then, instead of acting responsibly and without criminal intent, the
4 | Petitioner devised and carried out a plan to hide the evidence of the murder. He did this
5 | in concert with a "friend". Then, instead of confessing to the police, Petitioner and his
6 | friend proceed to "party" with the victim's money. Such lack of concern after such a
7 | heinous crime manifests a callousness which is difficult to describe. Obviously, the
8 | Board recognized this when they found; the crime was "callous and cruel"; the offense
9 | was carried out in a "dispassionate manner" with "callous disregard for human
10 | suffering", over a trivial matter. Such a finding is justified by the record.
11 |     This Court finds that there was sufficient evidence presented at the hearing to justify
12 | a finding of unsuitability. Furthermore, the Court finds the Petitioner's remaining
13 | contentions to be without merit.

15 |     The Petition is denied.

17 | Dated this 30th day of November, 2006.

JOHN P. WADE
Judge of the Superior Court